FERDINAND W. PECK, Respondent, v. WILLIAM N. COLER, Jr., Appellant, Impleaded with WILLIAM N. COLER.

*Motion to vacate a judgment because the defendant was a minor — is not based upon an irregularity — Rule 37 requiring the irregularity to be specified in a notice of motion is not applicable thereto.*

A motion by a judgment-debtor to set aside the judgment on the ground that he was, at the time of its entry, an infant, and that no guardian *ad litem* had been appointed for him, is not based upon a mere irregularity, but upon an error in fact, and it is therefore unnecessary to specify the error in the notice of motion, as required by Rule 37 in those cases in which the motion is based upon an irregularity.

Appeal from order denying a motion to set aside a judgment because of an error in fact.

This is an appeal from an order made at Special Term, denying a motion for leave to renew a former motion and to set aside the judgment entered in this action.

The action was brought upon a promissory note made by the defendants, and judgment for $9,964.85 was entered by default on November 24, 1877.

On January 13, 1880, a motion was made by the appellant to set the said judgment aside as to him, on the ground that at the time of its entry and up to July 6, 1879, he was an infant, and that no guardian *ad litem* had been appointed for him. This motion was denied on a technical objection.

On February 5, 1880, a motion was made at Special Term for an order granting leave to renew the said motion, and in the event of such leave being given, for an order setting aside the said judgment.

A preliminary objection to the motion to set aside was made on the ground that the irregularity complained of was not specified in the notice of motion, as required by Rule 37, and was sustained, and the motion to set aside was denied.

*Horace Secor, Jr.*, for the appellant.

*E. H. Benn*, for the respondent.

Brady, J. :

The motion was to set aside the judgment, upon the ground that the judgment-debtor making the application was an infant at the time the judgment was entered against him.

The learned justice in the court below seems to have been controlled by the conclusion that the ground stated for relief was an irregularity in perfecting the judgment. This, we think, was wrong. The infancy of the defendant was an error in fact, affecting the validity of the judgment, which could not be held if it were true that the applicant was an infant at the time it was entered.

For these reasons we think the motion should have been entertained and disposed of by the learned justice on its merits, and that in declining to take that course he was in error, and the order appealed from should therefore be reversed, with ten dollars costs and disbursements, and the motion for leave to renew granted. The motion on the merits will then be heard at the Special Term.

Present — Davis, P. J., Brady and Barrett, JJ.

Order reversed, with ten dollars costs and disbursements, and motion for leave to renew granted.